# EXHIBIT 3

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Safe deposit box ▮▮▮▮ 0146, located at<br>Citibank, 835 Montauk Avenue, Bayport, NY,<br>as more fully described in Schedule A | )<br>)<br>)   Case No. 11-<br>)<br>)   **M 11-322**<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   New York
*(identify the person or describe the property to be searched and give its location)*:

Safe deposit box ▮▮▮▮ 0146, located at Citibank, 835 Montauk Avenue, Bayport, NY, as more fully described in Schedule A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

set forth in Schedule B, which is herein incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before   April 11, 2011
                                                                                        *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
Marilyn D. Go                                                              .
                         *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  March 29, 2011 at 8:32 PM    _____
                                                                                        Judge's signature

City and state:   Brooklyn, New York    Honorable Marilyn D. Go, United States Magistrate Judge
                                                                            *Printed name and title*

Attachment A

The safe deposit box ▮▮▮▮ 0146 located at Citibank, 835 Montauk Highway, Bayport, NY 11705 Montauk Highway, Bayport, New York 11705, and is registered in the name of Devos Ltd DBA Guaranteed Returns, as shown by the records of Citibank, set forth below.

```
NSRMM05\ NOVEMBER          NCIS - RELATIONSHIP PROFILE           07JAN11 13:35
                                  ACCOUNT DETAIL
DEVOS LTD DBA GUARANTEED RETURNS         HH# / CLT#:      9662 /        2907
DEAN           VOLKES                    SSN\TAX ID:           -6549
100 COLIN DRIVE                          ACCOUNT    :                0146
HOLBROOK, NY                  1174       PRIME LOC: NYB-CITI NA (FIX)
                                         ACTUAL LOC: NYB-BAYPORT
                                         PHONE NBR:
                                         STATUS     : RETAIN       SEGMENT: R
                                         ACQ   DESC: CITIBANK
PRODUCT DESC: SAFE DEPOSIT
PACKAGE     :
MATURE\CLOSE:                     ---------------- FINANCIAL HISTORY -----------------
DATE OPENED : 04/18/2008    MONTH  EOM BAL   CNR  D   MONTH  EOM BAL   CNR  D
CREDIT LINE : N/A           =====  ========  ====== = =====  ========  ====== =
              N/A           11/10      250    20      04/10      250    20
TERM        : N/A           10/10      250    20      03/10      250    20
RATE        : N/A           09/10      250    20      02/10      250    20
YTD INTEREST: N/A           08/10      250    20      01/10      250    20
YTD FEE     : 221           07/10      250    20      12/09      250    20
BILL\PAY AMT: N/A           06/10      250    20      11/09      250    20
% UTIL\PAID : N/A           05/10      250    20      AVG        250    20
                                                                      09 OF 12
PF1-HELP   PF2-JUMP   PF3-MENU   PF7-BWD   PF8-FWD   PF10-SELECT   PF11-SEARCH
```

**SAFE DEPOSIT BOX SIGNATURE CARD** — citibank

Box Number: 46-8   Open Date: 4|18|08   Title: Devos LTD

LESSEE #1 (Box Owner)
Name: Devos LTD DBA Guaranteed Returns
ID #2: _____

LESSEE #2:
Name: Dean Volkes
ID #2: _____
☐ Co-Owner ☐ POA ☐ Deputy ☐ Trustee

LESSEE #3:
Name: ▮▮▮ S. Fallon ▮▮▮     3/28/12
ID #2: _____
☐ Co-Owner ☐ POA ☐ Deputy ☐ Trustee

LESSEE #4:
                                9/22/13
ID #2: _____
☐ Co-Owner ☐ POA ☐ Deputy ☐ Trustee

*Check if 2 signatures required for box access         +If Non-Bank Customer: Fill-in Non-Customer Lessee Profile Form

In signing below, you acknowledge that 2 keys to the box have been issued, and that you have received a copy of the Safe Deposit Box Rental Agreement. You expressly agree that the rental of this safe deposit box, and the rights and duties of both you and Citibank, will be governed by the terms and conditions of that agreement. You agree that if there is a dispute between us resulting from the rental of this safe deposit box and you are unable to produce a copy of the agreement provided to you, Citibank may introduce evidence as to these applicable terms and conditions through the use of internal bank records and need not produce a signed copy of your specific agreement.

Signatures:
_____ Lessee #1        _____ Lessee #2
_____ Lessee #3        _____ Lessee #4

SCHEDULE B

The items to be seized are evidence, contraband, fruits, and/or instrumentalities of violations of the following offenses occurring between March 2001 and the present: (a) theft of Dept. of Defense checks in violation of 18 U.S.C. §§ 641, 1031, 1341 and 1343; (b) destruction of documents and computer files in violation of 18 U.S.C. §§ 371, 1512(b)(2)(B), 1512(c)(1) and 1519; (c) a scheme to defraud the Department of Defense and other customers in violation of 18 U.S.C. §§ 371, 641, 1031, 1341, 1343 and 1349; (d) a scheme to convert funds diverted from clients, including the Department of Defense, in violation of 18 U.S.C. §§ 371, 641, 1031, 1341, 1343 and 1349; (e) a scheme to defraud pharmaceutical manufacturers in violation of and other customers 18 U.S.C. §§ 371, 641, 1031, 1341, 1343 and 1349, including the following:

1. Internal correspondence, including electronic correspondence, locally stored e-mail and text messages between or among employees of Guaranteed Returns (including current and former employees) pertaining to or concerning the receipt and processing of returned pharmaceutical products, inventory, the receipt and processing of refunds from manufacturers, the storage, processing, destruction or crediting of "in date" products, customer complaints, and reconciliation of items returned.

2. External correspondence including electronic correspondence, locally stored e-mail and text messages between employees of Guaranteed Returns (including current and former employees) and wholesalers, or manufacturers or customers or their agents pertaining to or concerning the receipt and processing of returned pharmaceutical products, the receipt and processing of refunds from manufacturers, the storage, processing, destruction or crediting of "in date" products, customer complaints, and reconciliation of items returned.

3. For each customer of Guaranteed Returns, records and electronic documents stored on permanent and removable media relating to the customer's contractual relationship, including

    (a) contract files, modifications, and task orders of individual customers;
    (b) records related to return transactions for creditable, non-creditable and "in-date" products including shipping documents, records created by Guaranteed Returns related to the receipt, processing, storage and disposal of products;
    (c) records documenting the return of pharmaceuticals and other products returned for credit and the related accounting records documenting the receipt of the credit including correspondence, price lists, credit memos and other related accounting records;
    (d) records of the calculation of the sales revenue recognized from each return and recorded pursuant to the terms of the subject contracts;
    (e) records of payments made by Guaranteed Returns to the customer and the supporting calculations of the individual amounts directed into the account of each customer including the amount returned, the amount obtained from the manufacturer and the amount of revenue recognized for each order; and
    (f) Records related to internal review, verification, inspection, audit of returned amounts, credits and revenue recognized for the subject contracts.

4. Licenses, permits, and compliance records relating to state and federal regulatory agencies, including the Drug Enforcement Administration and the state of New York relating to pharmaceuticals.

5. Internal monthly, quarterly and annual financial reports, compilation reports, audited and unaudited financial statements with footnotes, budgets and forecasts, and records showing Guaranteed Returns' assets, liabilities, income, expenses, transfer or distribution of Guaranteed Returns' funds

6. Records reflecting company policies, procedures and training related to pharmaceutical returns

7. Bank account records, including account statements, cancelled checks, checkbook registers and check stubs, deposit slips and receipts, certificates of deposit, safe deposit boxes, records of any loans and bank statements for checking, savings and other accounts held at financial intuitions in the United States of America and abroad.

8. Personnel records for officers and employees, current and former, containing the full name, current or last known address, date of birth, Social Security Number, position, and home and work telephone numbers and relating to employment status and dates of employment [initials]

9. Records reflecting storage locations or worksites for Guaranteed Returns, including passcodes and keys for such locations or sites.

10. Records concerning or reflecting Guaranteed Returns' response to the receipt of any federal grand jury subpoena, including instructions to any employees regarding whether or how to comply with the subpoena.

11. Records concerning or reflecting any instructions or commands to delete or overwrite data, erased data or metadata, or to destroy records of any kind.

12. Records related to the backup of computer systems

13. Computers, servers and computer-related equipment containing the records identified in paragraphs 1 through 12 above, including any and information instructions, programs and data stored in the form of magnetic, electronic, optical or other coding on computer media or on media capable of being read by a computer or with the aid of computer related equipment. This media includes but is not limited to disks/diskettes, flash cards, cartridges, tapes, optical medium, hard disk drives, solid-state devices and any other media that are capable of storing information or data, or of analyzing, creating, displaying, converting, storing or transmitting electronic, servers, magnetic or optical computer impulses or data and any manuals software relating to such devices. These devices include but are not limited to computers, computer components, computer peripherals, modems, monitors, speakers, printers, scanners, cameras, cell phones, personal digital assistants (pda's), mp3 audio players, wireless devices, Universal Serial Bus (USB) devices, Firewire devices and networking equipment; and any and software plus the manuals or instructions relating to such software as is used by the electronic devices or media previously specified in this attachment.

Any computers, components, digital and electronic media, including storage devices, which are removed from the premises must be promptly copied and returned to the premises within ten days after demand by Guaranteed's Return or other owner or occupant of the premises searched, as the case may be. [initials]