# EXHIBIT 5

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>100 Colin Drive, Holbrook, NY 11741,<br>as more fully described in Schedule A | )<br>)<br>)  Case No. M 11-322<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the  Eastern               District of  New York                    
*(identify the person or describe the property to be searched and give its location)*:

　　　100 Colin Drive, Holbrook, NY 11741, as more fully described in Schedule A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

　　　set forth in Schedule B, which is herein incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before   April 11, 2011                       
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.　　☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Marilyn D. Go                                                           .
　　　　　　　　　*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☐ for _____ days *(not to exceed 30)*.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☐ until, the facts justifying, the later specific date of _____.

Date and time issued: March 29, 2011 at 8:32 PM　　　　　　/s/ *(signature)*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Judge's signature*

City and state:　Brooklyn, New York　　Honorable Marilyn D. Go, United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　*Printed name and title*

SEALED

SW000047

Attachment A

100 Colin Drive, Holbrook, New York 11741

The business office and warehouse located at 100 Colin Drive, Holbrook, NY 11741 is further described as a one story white cement block building located on the corner of Colin Drive and Andrea Road. There is a white sign containing the language "Guaranteed Returns" and the number "100" located on the north end of the building. The main entrance consists of double glass doors located on the northeast corner of the building containing the language "Guaranteed Returns." There is a grey door located on the southeast corner of the warehouse facing east, that is grey with a white square containing in black letters "GUARANTEED RETURNS." On the southeast corner of the building facing south is a white warehouse bay door containing black letters "GUARANTEED RETURNS GROUND LEVEL RECEIVING." Also on the south side of the building are three additional white warehouse bay doors two of which contain in black letters "GUARANTEED RETURNS SHIPPING" and the eastern most door containing in black letters "GUARANTEED RETURNS" and a handwritten sign "LOOSE BOXES."

SEALED

SW000048

SCHEDULE B

The items to be seized are evidence, contraband, fruits, and/or instrumentalities of violations of the following offenses occurring between March 2001 and the present: (a) theft of Dept. of Defense checks in violation of 18 U.S.C. §§ 641, 1031, 1341 and 1343; (b) destruction of documents and computer files in violation of 18 U.S.C. §§ 371, 1512(b)(2)(B), 1512(c)(1) and 1519; (c) a scheme to defraud the Department of Defense and other customers in violation of 18 U.S.C. §§ 371, 641, 1031, 1341, 1343 and 1349; (d) a scheme to convert funds diverted from clients, including the Department of Defense, in violation of 18 U.S.C. §§ 371, 641, 1031, 1341, 1343 and 1349; (e) a scheme to defraud pharmaceutical manufacturers in violation of and other customers 18 U.S.C. §§ 371, 641, 1031, 1341, 1343 and 1349, including the following:

1. Internal correspondence, including electronic correspondence, locally stored e-mail and text messages between or among employees of Guaranteed Returns (including current and former employees) pertaining to or concerning the receipt and processing of returned pharmaceutical products, inventory, the receipt and processing of refunds from manufacturers, the storage, processing, destruction or crediting of "in date" products, customer complaints, and reconciliation of items returned.

2. External correspondence including electronic correspondence, locally stored e-mail and text messages between employees of Guaranteed Returns (including current and former employees) and wholesalers, or manufacturers or customers or their agents pertaining to or concerning the receipt and processing of returned pharmaceutical products, the receipt and processing of refunds from manufacturers, the storage, processing, destruction or crediting of "in date" products, customer complaints, and reconciliation of items returned.

3. For each customer of Guaranteed Returns, records and electronic documents stored on permanent and removable media relating to the customer's contractual relationship, including

   (a) contract files, modifications, and task orders of individual customers;
   (b) records related to return transactions for creditable, non-creditable and "in-date" products including shipping documents, records created by Guaranteed Returns related to the receipt, processing, storage and disposal of products;
   (c) records documenting the return of pharmaceuticals and other products returned for credit and the related accounting records documenting the receipt of the credit including correspondence, price lists, credit memos and other related accounting records;
   (d) records of the calculation of the sales revenue recognized from each return and recorded pursuant to the terms of the subject contracts;
   (e) records of payments made by Guaranteed Returns to the customer and the supporting calculations of the individual amounts directed into the account of each customer including the amount returned, the amount obtained from the manufacturer and the amount of revenue recognized for each order; and
   (f) Records related to internal review, verification, inspection, audit of returned amounts, credits and revenue recognized for the subject contracts.

4. Licenses, permits, and compliance records relating to state and federal regulatory agencies, including the Drug Enforcement Administration and the state of New York relating to pharmaceuticals.

SEALED

5. Internal monthly, quarterly and annual financial reports, compilation reports, audited and unaudited financial statements with footnotes, budgets and forecasts, and records showing Guaranteed Returns' assets, liabilities, income, expenses, transfer or distribution of Guaranteed Returns' funds

6. Records reflecting company policies, procedures and training related to pharmaceutical returns

7. Bank account records, including account statements, cancelled checks, checkbook registers and check stubs, deposit slips and receipts, certificates of deposit, safe deposit boxes, records of any loans and bank statements for checking, savings and other accounts held at financial intuitions in the United States of America and abroad.

8. Personnel records for officers and employees, current and former, containing the full name, current or last known address, date of birth, Social Security Number, position, and home and work telephone numbers and relating to employment status and dates of employment. /MP/

9. Records reflecting storage locations or worksites for Guaranteed Returns, including passcodes and keys for such locations or sites.

10. Records concerning or reflecting Guaranteed Returns' response to the receipt of any federal grand jury subpoena, including instructions to any employees regarding whether or how to comply with the subpoena.

11. Records concerning or reflecting any instructions or commands to delete or overwrite data, erased data or metadata, or to destroy records of any kind.

12. Records related to the backup of computer systems

13. Computers, servers and computer-related equipment containing the records identified in paragraphs 1 through 12 above, including any and information instructions, programs and data stored in the form of magnetic, electronic, optical or other coding on computer media or on media capable of being read by a computer or with the aid of computer related equipment. This media includes but is not limited to disks/diskettes, flash cards, cartridges, tapes, optical medium, hard disk drives, solid-state devices and any other media that are capable of storing information or data, or of analyzing, creating, displaying, converting, storing or transmitting electronic, servers, magnetic or optical computer impulses or data and any manuals software relating to such devices. These devices include but are not limited to computers, computer components, computer peripherals, modems, monitors, speakers, printers, scanners, cameras, cell phones, personal digital assistants (pda's), mp3 audio players, wireless devices, Universal Serial Bus (USB) devices, Firewire devices and networking equipment; and any and software plus the manuals or instructions relating to such software as is used by the electronic devices or media previously specified in this attachment.

Any computers, components, digital and electronic media, including storage devices, which are removed from the premises must be promptly copied and returned to the premises within ten days after demand by Guaranteed Returns or other owner or occupant of the premises searched, as the case may be. /MP/

SEALED

SW000050