# EXHIBIT 16

Douglas E. Grover
Partner

212 612-0681
dgrover@schlamstone.com

# SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

September 16, 2015

**BY EMAIL**
Nancy Rue, Esq.
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Re:   *United States v. Devos Ltd., dba Guaranteed Returns, et al.*
      2:14-cr-00574-PBT

Dear Ms. Rue:

I am writing on behalf of our client, Devos, Ltd., as well as defendants Dean Volkes and
Donna Fallon. In anticipation of the September 30 hearing on discovery issues, there are
several other issues we would like to address prior to the hearing.  In this regard, we
suggest a telephone conference with you on or before September 21. If any of these
issues are unresolved after we confer, we plan to raise them with the Court so that they
can be addressed at the hearing.

## 1. Documents taken from John Fallon's desk

The first of these matters was initially brought to your attention in a letter dated May 13,
2015, from my co-counsel, William Komaroff, and relates to the government's
acquisition of "company documents" from a cooperating witness ("CW1"), as set forth in
the March 29, 2011, affidavit of Special Agent Joanne Woodring in support of the search
warrant of the Devos premises that was executed several days later.  In Mr. Komaroff's
letter, a copy of which is annexed hereto, the defendants requested information bearing
on the circumstances under which the government obtained those documents, as well as
production of the documents themselves.  On June 3, 2015, under a cover letter also
attached, you produced to the defendants two documents: a) a typewritten document
described as a "note" from Devos "CEO Dean Volkes to [Devos employee] John Fallon"
that is referenced in paragraph 26 of Special Agent Woodring's March 29, 2011, affidavit,
and b) a "page of handwritten notes obtained from the desk of John Fallon," referenced
in paragraph 28 of the same affidavit.

According to paragraph 26 of Special Agent Woodring's affidavit, attached to the "note
from CEO Dean Volkes to John Fallon" were "corresponding system printouts with

BY EMAIL
Nancy Rue, Esq.
Assistant United States Attorney
September 16, 2015
Page 2

handwritten annotations and notes." The government's June 3 production did not
include these printouts and notes. Please provide these documents.

Also in Special Agent Woodring's March 29, 2011, affidavit, it suggests that the "note
from CEO Dean Volkes to John Fallon" was one of a number of company documents
provided to Agent Woodring by CW1. Please confirm that, with the exception of the
printouts just mentioned above which we anticipate receiving, the documents attached
to your June 3 cover letter are the only company documents provided to Agent
Woodring by CW1. If there are others, we would ask you to produce these as well.

Finally, you have not provided us with a response to our requests regarding the
circumstances under which the government obtained company documents from CW1.
As detailed in the May 13 letter, we believe that the defendants are entitled to know
whether the party seizing the documents was acting as an instrument or agent of the
government, and that *Brady v. Maryland*, 373 U. S. 83 (1963), and Department of Justice
policy, as set forth in the U.S. Attorney's Manual, further require disclosure of such
information.

## 2. Sealed documents in the court files of Ronald Carlino and Ryan Kasper

The second of these matters involves the guilty pleas of two witnesses who evidently
have cooperated with the government's investigation. The first witness, Ryan Kasper,
pled guilty on February 28, 2012, to four counts of an indictment pending against him.
The docket reflects that two documents on that date were sealed, #15, a "plea
document" and #16, a "judicial document." We do not have access to these documents,
filed with the court in the ordinary course of business using the electronic court
document system; nor do we have a reference or apparent access to the guilty plea
minutes.

The second witness, Ronald Carlino, pled guilty on May 4, 2015, to four counts of the
instant indictment. The docket here reflects the filing of three documents (numbers 70,
71, and 72), all apparently relating to the plea. Once again, we do not have access to
these documents filed with the court in ordinary course of business using the electronic
court document system; nor do we have a reference or apparent access to the guilty plea
minutes.

BY EMAIL
Nancy Rue, Esq.
Assistant United States Attorney
September 16, 2015
Page 3

Courts have long recognized that in the absence of a compelling interest to keep a document sealed, the public has a general right to inspect and copy public records and documents, including judicial records and documents. Under the circumstances here, we see no such compelling interest, and therefore seek your consent to unseal the docket entries before making a motion to seek such relief. While I anticipate that the government may respond that the defendants will be provided these items later as *Giglio* material, given the general presumption in favor of open court proceedings, it makes no sense that the rights of a criminal defendant to such materials should accrue later than those of the general public.

Before making formal motions, we would like to discuss both of these issues with you in the suggested phone conference. Please let us know when you are available.

Very truly yours,

Douglas E. Grover

cc:     William Komaroff, Esq.
        Robert Radick, Esq.
        Ann C. Flannery