# EXHIBIT 17

## SCHLAM STONE & DOLAN LLP

HARVEY M. STONE
RICHARD H. DOLAN
WAYNE I. BADEN
MICHAEL A. BATTLE
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JEFFREY M. EILENDER
JOHN M. LUNDIN
JONATHAN MAZER
ERIK S. GROOTHUIS
ROBERT L. BEGLEITER
ELIZABETH WOLSTEIN
DOUGLAS E. GROVER
BRADLEY J. NASH

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400
TELECOPIER: (212) 344-7677
www.schlamstone.com

PETER R. SCHLAM (1944-2005)

OF COUNSEL
RONALD G. RUSSO
STANLEY N. ALPERT
MARY W. ANDERSON
HILLARY S. ZILZ
VITALI S. ROSENFELD
ANDREW S. HARRIS

NIALL D. O'MURCHADHA
SAMUEL L. BUTT

November 10, 2014

**By Email**

Nancy Rue, Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

   Re: United States v. Devos Ltd. et al., 2:14-cr-00574-PBT

Dear Ms. Rue:

   We are jointly writing to set forth the detailed discovery requests of Devos Ltd. d/b/a Guaranteed Returns ("Guaranteed Returns" or the "Company"), Dean Volkes, and Donna Fallon (collectively, the "Guaranteed Returns Defendants"). Specifically, so that Guaranteed Returns, Mr. Volkes and Ms. Fallon may file appropriate motions and adequately prepare for trial, we ask that you furnish the following discovery material pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure; Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, including Giglio v. United States, 405 U.S. 150 (1972); United States v. Agurs, 427 U.S. 97 (1976); United States v. Bagley, 473 U.S. 667 (1985); Kyles v. Whitley, 514 U.S. 419 (1995); the Jencks Act; the Fifth and Sixth Amendments to the United States Constitution; and applicable rules of prosecutorial ethics and Justice Department regulations.

   If any of the requested materials are in the electronic and paper discovery that the government intends to produce, please identify where they can be found. We also request that you notify us in writing specifically and promptly of any material that you do not intend to make available, so that we can file timely and appropriate motions to permit the Court to rule on any disagreements.

AUSA Nancy Rue
November 10, 2014
Page 2

**Discovery Requests**

      1.    Any relevant written or recorded statement, or the substance of any relevant oral statements, made by the Guaranteed Returns Defendants to investigating officers or to third parties. Fed. R. Crim. P. 16(a)(1)(A)–(B). This request includes, without limitation:

      a.    Any relevant written or recorded statements made by any of the Guaranteed Returns Defendants, or copies thereof, within the possession, custody or control of any federal, state, county, or municipal government agent or attorney ("government agent"), the existence of which is known, or by the exercise of due diligence may become known to a government agent.

      b.    Any statement made by any of the Guaranteed Returns Defendants that may have been incorporated in any report, memorandum, transcript, or other document or recording prepared by a government agent, or by any person working with such agents;

      c.    The portion of any written record containing the substance of any relevant oral statement made by any of the Guaranteed Returns Defendants, whether before or after arrest, in response to interrogation by any person that the applicable Guaranteed Returns Defendant knew was a government agent; and

      d.    The substance of any other relevant oral statement made by any of the Guaranteed Returns Defendants, whether before or after arrest, in response to interrogation by any person the applicable Guaranteed Returns Defendant knew was a government agent.

      2.    Any relevant written or recorded statement, or the substance of any relevant oral statement, made by the Guaranteed Return Defendants' co-defendant(s) to investigating officers or to third parties. Fed. R. Crim. P. 16(a)(1)(A)–(B), (E).

      3.    The portion of any written record containing the substance of any relevant oral statement made by the Guaranteed Returns Defendants' co-defendant(s), whether before or after arrest, in response to interrogation by any person that the applicable Guaranteed Returns Defendant's co-defendant(s) knew was a government agent. Fed. R. Crim. P. 16(a)(1)(A)-(B), (E).

      4.    Any relevant written or recorded statement, or the substance of any relevant oral statements, if the person making the statement may (a) have been legally able to bind Guaranteed Returns regarding the subject of the statement because of that person's position as a director, officer, employee, or agent of Guaranteed Returns, or (b) have been personally involved in the alleged conduct constituting the offense and may have been legally able to bind

AUSA Nancy Rue
November 10, 2014
Page 3

Guaranteed Returns regarding that conduct because of that person's position as a director, officer, employee, or agent of Guaranteed Returns. Fed. R. Crim. P. 16(a)(1)(A)-(C), (E).

       5.     The portion of any written records containing the substance of any relevant oral statements that fall within the scope of the statements encompassed by the request in Paragraph 4, above, and were made, whether before or after arrest, in response to interrogation by any person that the relevant individual knew was a government agent. Fed. R. Crim. P. 16(a)(1)(A)-(C), (E).

       6.     Any written or recorded statement, or the substance of any oral statement, made by anyone, including any co-defendant, the use at trial of which may raise issues under *Crawford v. Washington*, 541 U.S. 36 (2004), or *Bruton v. United States*, 391 U.S. 123 (1968). This request includes, but is not limited to, any statement, testimony or correspondence provided by any co-defendant to any law enforcement or other federal, state, county, or municipal government agent or agency, including without limitation any statement, testimony or non-public correspondence provided to the Federal Bureau of Investigation and/or the Defense Criminal Investigative Service during the course of its investigation of the events that form the basis of the indictment in this case.

       7.     A copy of any prior criminal record of the Guaranteed Returns Defendants, if the government believes such to exist. Fed. R. Crim. P. 16(a)(1)(D).

       8.     All books, papers, documents, photographs, videotape recordings, audiotape recordings, microfilm, microfiche, computer storage media, and tangible objects, and all copies or portions thereof (hereinafter referred to in this letter as "documents"), that were obtained from or belong to the Guaranteed Returns Defendants. This request includes any documents obtained from or which were the property of any employee or agent of, or professional consultant to, the Guaranteed Returns Defendants, in either the personal or business capacity of that employee, agent or consultant. Fed. R. Crim. P. 16(a)(1)(E)(iii). This request includes, but is not limited to, documents previously produced in response to grand jury subpoenas.

       9.     All documents, or copies or portions thereof, which are within the possession, custody or control of the government, which are material to the preparation of the defense. Fed. R. Crim. P. 16(a)(1)(E)(i). This request includes, but is not limited to, all documents the government believes support the allegations in the indictment, all documents that are in any way inconsistent with and/or undermine the allegations in the indictment, and all documents concerning the matters referenced in the indictment.

       10.     All documents obtained by the government from any law enforcement authorities, including the Federal Bureau of Investigation and the Defense Criminal Investigative Service, relating to the allegations underlying the indictment.

AUSA Nancy Rue
November 10, 2014
Page 4

      11.    All documents, or copies or portions thereof, which are within the possession, custody or control of the government, that the government intends to use at trial in its case in chief. Fed. R. Crim. P. 16(a)(1)(E)(ii). Given the volume of documents we anticipate in this case, we request that you specifically identify from among the documents produced pursuant to Rule 16 the documents in this category, both to enable counsel to prepare for trial effectively and to afford us an opportunity to file appropriate motions.

      12.    All results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, and all documents referring or relating to such reports, that were conducted in connection with any investigation of the charges contained in the indictment, including, but not limited to, forensic analyses of any documents, physical, mental or polygraph examinations, handwriting analyses, finger-print comparisons, and electronic testing. Fed. R. Crim. P. 16(a)(1)(F).

      13.    With respect to evidence that the government intends to use at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence, a list of the names of the persons the government intends to call as expert witnesses, a written summary describing the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. Fed. R. Crim. P. 16(a)(1)(G).

      14.    As a predicate to motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure:

          a.    Please confirm that no evidence or other information in the government's possession, custody, or control was obtained by a search and seizure. If any evidence was obtained by search and seizure, please provide a description of such evidence and if said search was warrantless, set forth the nature of the information upon which the search was based and the date said information was received by the government;

          b.    Please confirm that no evidence or other information in the government's possession, custody, or control was obtained through the use of a beeper, other tracking device, mail cover, or electronic or audio surveillance of any kind. If any evidence was obtained through these investigative techniques, please set forth the date, time, place, and a description of each interception and provide any and all documents related to or reflecting any information derived therefrom;

          c.    Please inform us as to whether any recording or other result of electronic or audio surveillance has been scientifically tested, altered or treated in any way. If so, set forth the time, date, place and a description of each test or

AUSA Nancy Rue
November 10, 2014
Page 5

    alteration, identify the examiner, and provide a copy of any reports and all documents relating or referring to such reports;

    d. Please inform us as to whether any tapes, reports of communications, fruits of any interception or search, or notes of any interview requested herein have been or are intended to be discarded or destroyed. Please identify any such materials in sufficient detail to permit us to make a timely request to the Court for appropriate relief;

    e. Please inform us whether any persons were present during grand jury proceedings other than the grand jurors, the witness under examination, the court reporter, and Assistant United States Attorneys; and

    f. Please inform us whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury, were disclosed or released to any person other than the grand jurors, court reporters, and Assistant United States Attorneys.

If any evidence was obtained through any means set forth in subparagraphs (a) and (b), we also request all relevant applications or other supporting documents for court orders, all such court orders, all reports by the government to the court, and all tapes, logs, transcripts, and line sheets resulting from such interception or surveillance.

    15. Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure and Rule 1006 of the Federal Rules of Evidence, please inform us whether the government will seek to offer any chart, summary, or calculation in evidence and if so, please make available for inspection and copying any such chart, summary, or calculation, as well as all writings, recordings, photographs, videotape recordings, or other information on which such charts, summaries, or calculations are based.

    16. Pursuant to the provisions of Rule 104 of the Federal Rules of Evidence, Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, and the Guaranteed Returns Defendants' right to effective representation by counsel and a fair trial, we request that the government disclose whether it intends to offer in its case in chief as a statement by the Guaranteed Returns Defendants any of the following:

    a. Any statement made by any of the Guaranteed Returns Defendants in either an individual or a representative capacity, Fed. R. Evid. 801(d)(2)(A);

    b. Any written or recorded statement or the substance of any oral statement as to which any of the Guaranteed Returns Defendants manifested his, her or its adoption or belief in its truth, Fed. R. Evid. 801(d)(2)(B);

AUSA Nancy Rue
November 10, 2014
Page 6

        c.      Any written or recorded statement or the substance of any oral statement made by another individual or entity which was purportedly authorized by the Guaranteed Returns Defendants, or is deemed to be an admission by the Guaranteed Returns Defendants, Fed. R. Evid. 801(d)(2)(C);

        d.      Any statement by an agent or servant of the Guaranteed Returns Defendants concerning a matter within the scope of his or her agency or employment and/or by the Company's agent or employee made during the existence of such a relationship, Fed. R. Evid. 801(d)(2)(D); or

        e.      Any written or recorded statement, or the substance of any oral statement, made by a co-conspirator during the course of or in furtherance of the conspiracy alleged in the indictment, Fed. R. Evid. 801(d)(2)(E).

        17.      Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, and Rules 403 and 404(b) of the Federal Rules of Evidence, we request that, as soon as possible and no later than 90 days before trial, the government disclose all evidence of other similar crimes, wrongs, or acts, allegedly committed by any of the Guaranteed Returns Defendants, upon which the government intends to rely. If the government intends to offer any such evidence, please set forth the date, place and nature of each allegedly "similar" act so that we can properly ask the Court for a determination concerning its admissibility pursuant to Fed. R. Evid. 403 and 404.

        18.      We request that the government disclose the impanelment and adjournment dates of each grand jury that heard evidence concerning this case and the legal instructions provided to the grand jury before the indictment was returned.

        19.      We request that the government provide a list of the names and addresses of all witnesses that the government intends to call in its case in chief. See United States v. Higgs, 713 F.2d 39, 44 n. 6 (3d Cir.1983).

        20.      Given the scope of this case, we request production of all materials required to be produced under 18 U.S.C. § 3500 no later than 90 days before the trial date.

        21.      Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United States v. Agurs, 427 U.S. 97 (1976), Giglio v. United States, 405 U.S. 150 (1972), Kyles v. Whitley, 514 U.S. 419 (1995), and Strickler v. Greene, 527 U.S. 263 (1999) and pursuant to the Department of Justice's Policy Regarding Disclosure of Exculpatory and Impeachment Information, set forth in section 9-5.001 of the U.S. Attorney's Manual, we request (i) immediate disclosure of all exculpatory material in the government's possession, custody, or control, or otherwise known to the government; and (ii) disclosure at least 90 days prior to the trial date of all impeachment material in the government's possession, custody or control or

AUSA Nancy Rue
November 10, 2014
Page 7

otherwise known to the government.

Exculpatory and impeachment "material" includes not only documents or other tangible items (including written statements or statements that have been reduced to writing by the government), but also the substance of any statements made to the government that have not been reduced to writing. In other words, if a witness's statements to the government contain exculpatory or impeachment material, *Brady* and its progeny require the government to disclose the substance of those statements, whether or not they have been reduced to writing. See, e.g., Carter v. Rafferty, 826 F.2d 1299, 1309 (3d Cir. 1987).

Although explained in detail below, this request generally seeks copies of all materials known to the government, or which through due diligence may be learned of from the investigating agents, witnesses in this case, or persons interviewed in connection with the investigation, that are favorable to, or tend to mitigate any punishment of, any of the Guaranteed Returns Defendants, or which may lead to such materials. Please include the names, addresses, and telephone numbers of all persons who know or may know of any such favorable material or who may lead to persons or material which may be favorable to our client. Also include all written or recorded statements or the substance of oral statements by any person which are in any way conceivably inconsistent with the testimony or expected testimony any witness will give at trial and any other evidence that otherwise reflects upon the credibility, competency, bias or motive of the government's witnesses.

### Detailed Requests for Exculpatory Material

a. Any material indicating that any of the Guaranteed Returns Defendants had contracts, agreements, or understandings (whether written or oral) with its clients that did not require the Company to provide its clients with refunds for indated drug products.

b. Any material indicating that any of the Guaranteed Returns Defendants informed the Company's clients that the Company would not provide them with refunds for indated drug products.

c. Any material indicating that any of the Guaranteed Returns Defendants did not personally profit from any scheme to illegally retain funds which should have been returned to clients for the return of indated drug products.

d. Any material indicating that any of the Guaranteed Returns Defendants did not corruptly alter, destroy, or conceal records, documents, material facts or other objects or information with the intent to obstruct the investigations of any governmental entity.

AUSA Nancy Rue
November 10, 2014
Page 8

e.	Any material indicating that any of the Guaranteed Returns Defendants did not knowingly and willingly conceal or cover up material facts and/or did not make materially false statements and representations to the government.

**Detailed Requests for Impeachment Material**

f.	Any and all records and information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including, but not limited to, relevant "rap sheets" of each witness the government intends to call at trial;

g.	Any and all records and information revealing misconduct, criminal acts or bad acts of any witness the government intends to call at trial;

h.	Any and all considerations or promises of consideration given during the course of the investigation or prosecution of this matter by any law enforcement officials, including prosecutors, agents, police, or informers, to or on behalf of any witness the government intends to call at trial, or any such consideration or promises requested by such witness, or any such consideration expected or hoped for by any such witness at any future time. Such "consideration" refers to anything that arguably could be of value or use to a witness or a witness' employer, including, but not limited to: (i) formal or informal, direct or indirect leniency, favorable treatment, or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, or other matter involving the state or federal government, or any other matter involving the state or federal government, any other authority, or other parties; (ii) civil, criminal, or tax immunity grants to a witness; (iii) payments of money, rewards or fees, witness fees, and special witness fees; (iv) provisions of food, clothing, transportation, legal services or other benefits; (v) letters to anyone informing the recipient of a witness' cooperation; (vi) recommendations concerning federal aid or benefits; (vii) promises to take affirmative action to help the status of a witness in a profession, business, or employment, or promises not to jeopardize such status; (viii) aid in efforts in securing or maintaining the business or employment of a witness; and (ix) anything else that arguably could reveal an interest, motive or bias in a witness in favor of the prosecution or against our client, or act as an inducement to testify or to color the witness' testimony;

i.	Any and all statements—formal and informal, oral or written—by the government, its agents and representatives to any person (including counsel for such persons) whom the government intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any

AUSA Nancy Rue
November 10, 2014
Page 9

government action—state or federal, civil or criminal—or immigration matters against the witness, or anyone related by blood or marriage to the witness;

j. Any and all threats, express or implied, direct or indirect, or other coercion directed against any witness whom the government intends to call at trial, or anyone related by blood or marriage to the witness, to induce testimony favorable to the government; criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against any such witness, or anyone related by blood or marriage to the witness; any probationary, parole or deferred prosecution status of any such witness, or anyone related by blood or marriage to the witness; and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions involving any such witness, or anyone related by blood or marriage to the witness, and the state or federal government, or over which the state or federal government has real, apparent or perceived influence;

k. A list of any and all requests or demands made to the government by any witness whom the government intends to call at trial that arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action on behalf of the witness (regardless of whether or not the government has agreed to provide any favorable action);

l. All documents and other evidence regarding drug and alcohol usage or dependency by any individual the government intends to use as a witness at trial, including, but not limited to, records relating to treatment of such individual in any federal, state, territorial, city or military drug or detoxification program;

m. All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the government intends to use as a witness at trial, or affecting any family member of any such witness, including but not limited to records of hospitalization or other treatments for a physical or mental disease, disability, or disorder;

n. Any material not otherwise listed that reflects or evidences the motivation of any witness to cooperate with the government or reflects or evidences the competency or credibility of the government's witness or the witness' bias or hostility against our client;

o. A list of all other judicial proceedings involving a criminal matter in which any person who is a potential prosecution witness in this action

AUSA Nancy Rue
November 10, 2014
Page 10

        participated as a witness, was identified as an unindicted co-conspirator or an aider and abettor, or was charged as a defendant;

        p.    Any statements or documents, including, but not limited to, grand jury testimony and federal, state, and local tax returns made or executed by any potential prosecution witness at the trial in this action which the prosecution knows, or through reasonable diligence should have reason to know are false;

        q.    The existence and identification of each occasion on which any witness, including any witness who is or was an informer, accomplice, co-conspirator, or expert, has testified before any grand jury, any court, any federal, state, county or municipal agency, or any other tribunal or body, or otherwise has given an official narration regarding any of the Guaranteed Returns Defendants, the matters referred to in the indictment, the facts of this case, or the government's investigation;

        r.    Any written or oral statements, whether or not reduced to writing, made by any potential prosecution witness, which in any way contradicts or is inconsistent with or different from other oral or written statements he or she has made or his or her anticipated trial testimony;

        s.    Any written or oral statements, whether or not reduced to writing, made to the government, its agents, or representatives by any individual, whether or not that individual is a witness, which in any way contradict, or are inconsistent with or different from any statements made by a potential government witness or the anticipated trial testimony of any potential government witness, and the name and address of the individual making any such statement;

        t.    Any requests prepared by the government for permission to grant immunity or leniency to any witness, whether or not such request was granted;

        u.    Any statements made, read or given by the government to the Departments of Pretrial Services or Probation in connection with the prosecution or conviction of any government witness or potential government witness;

        v.    Copies of all letters or memoranda written to the court in connection with the sentencing of any potential government witness;

        w.    Any and all other records and/or information that arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence;

AUSA Nancy Rue
November 10, 2014
Page 11

      x.    The same records and information requested in items f through w with respect to each non-witness declarant whose statements may be offered in evidence;

      y.    Copies of any and all records of law enforcement or other governmental agencies reflecting intra departmental disciplinary action taken against any law enforcement or agency official who will testify in this proceeding, including all such records from any governmental agency for which the witness previously worked; and

      z.    Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards, or recognition of any kind made by, any government agent or law enforcement officer for any work, action or conduct undertaken in connection with the investigation and prosecution of this case.

22.    Please provide us with all discovery produced to the Guaranteed Returns Defendants' co-defendants.

23.    Please provide us with a list of all individuals or entities that allegedly have been harmed by the Guaranteed Returns Defendants' actions as described in the Indictment.

24.    Please provide us with all contracts of counterparties of the Guaranteed Returns Defendants who have allegedly been harmed by the Guaranteed Return Defendants' actions as described in the Indictment.

25.    Please provide us with an accounting of how the government calculated the $116,193,369 figure mentioned in paragraph 50 of the Indictment.

26.    Please provide us with an accounting of how the government calculated the $14,000,000 figure mentioned in Count Thirty-Three (Theft of Government Property) of the Indictment.

27.    Please provide us with an accounting to show whether the $14,000,000 figure mentioned in Count Thirty-Three is included in the $116,193,396 figure mentioned in paragraph 50 of the Indictment.

      Each of these requests calls for all responsive items within the possession, custody, or control of the government, or items the government knows to exist or could know to exist by the exercise of reasonable due diligence. As used in this letter, the terms "government," "prosecutor(s)," "you," and "your" refer not only to the United States Attorney's Office for the Eastern District of Pennsylvania, but also to all federal, state, county or local agencies that have

AUSA Nancy Rue
November 10, 2014
Page 12

provided assistance to, or are allied with, the U.S. Attorney's Office, including, but not limited to, the United States Department of Justice, the Federal Bureau of Investigation, and the Defense Criminal Investigative Service of the Department of Defense.

    Each request is of a continuing nature and calls for supplementation as soon as the government discovers additional responsive evidence, information, or material.

    We also request that the government preserve and maintain all relevant notes, reports, and recordings prepared by or for government agents or prosecutors, as well as any document, paper, tangible object, tape recording, or other potential item of evidence which is now or may hereafter come within the government's possession, the production of which is requested in this letter.

    Finally, we reserve the right to supplement these requests.

Very truly yours,

*Douglas E. Grover*

Douglas E. Grover

cc: (via email)

    Elkan Abramowitz, Esq.
    Robert J. Cleary, Esq.
    William C. Komaroff, Esq.
    Robert M. Radzick, Esq.
    Thomas Russo, Esq.