IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CRIMINAL ACTION |
| DEVOS LTD. d/b/a Guaranteed Returns, et al. | : NO. 14-574 (PBT) |

**DECLARATION OF TONI ANN MEADOWS**

I, TONI ANN MEADOWS, declare as follows:

1. I am currently the Vice President of National Sales & Customer Service for Devos Ltd., d/b/a Guaranteed Returns ("Guaranteed Returns"), with main offices located at 100 Colin Drive, Holbrook, New York 11741. I have been employed by Guaranteed Returns for 21 years.

2. I have held the title of Vice President of National Sales & Customer Service for almost 17 years. Prior to that I held various customer service positions.

3. As Vice President of National Sales & Customer Service, I am responsible for overseeing the sales, support, and customer service team in the main office as well as assisting outside field representatives in their dealings with customers, that is, healthcare providers that purchase pharmaceutical products to sell to end-users, including hospitals, pharmacies, and long-term care facilities. I refer to these types of organizations as "customers."

4. As the result of my employment at Guaranteed Returns, I am personally familiar with the terms under which Guaranteed Returns provides its services to its customers.

5. From 1999 through October 2014, I estimate that Guaranteed Returns provided pharmaceutical return services to over 10,000 customers. During this period, Guaranteed Returns' provision of services to its customers was, in the majority of cases, governed by the

1

terms of Return Authorization forms ("RA forms") which were utilized by customers when submitting pharmaceutical products to Guaranteed Returns.

6. The terms of these RA forms, which changed a number of times over this period of time, generally stated that if a product submitted to Guaranteed Returns was not "immediately creditable," the customer was not entitled to remuneration.

7. A product could be determined to be not "immediately creditable" for any number of reasons, including that it was "indated," which meant generally that is was being returned to Guaranteed Returns by the customer prior to the date on which a manufacturer would provide credit for the return.

8. Attached hereto as Exhibit 1 is a true and correct copy of an RA form that was used by GR in and around the year 2000.

9. Attached hereto as Exhibit 2 is a true and correct copy of an RA form that was used by GR for return of product to its Midwestern division in and around the year 2005.

10. Attached hereto as Exhibit 3 is a true and correct copy of an RA form that was used by GR in and around the year 2007.

11. Attached hereto as Exhibit 4 is a true and correct copy of an RA form that was used by GR in and around the year 2010.

12. Attached hereto as Exhibit 5 is a true and correct copy of an RA form that was used by GR in and around the year 2011.

13. From at least 1999 through October 2014, Guaranteed Returns maintained an electronic website that was accessible to customers and the public. Throughout the period 1999 through October 2014, this website indicated that Guaranteed Returns retained the right to dispose of product that was not immediately creditable, and that in such a case the customer

would not be entitled to remuneration.

14. Attached hereto as Exhibit 6 is a true and correct copy of a document retrieved from internet archives that reflects the relevant page of Guaranteed Returns' website that was available to customers and the public in 2002.

15. Attached hereto as Exhibit 7 is a true and correct copy of a document retrieved from internet archives that reflects the relevant page of Guaranteed Returns' website that was available to customers and the public in 2004.

16. Attached hereto as Exhibit 8 is a true and correct copy of a document retrieved from internet archives that reflects the relevant page of Guaranteed Returns' website that was available to customers and the public in 2007.

17. Attached hereto as Exhibit 9 is a true and correct copy of a document retrieved from internet archives that reflects the relevant page of Guaranteed Returns' website that was available to customers and the public in 2009.

18. Attached hereto as Exhibit 10 is a true and correct copy of a document retrieved from internet archives that reflects the relevant page of Guaranteed Returns' website that was available to customers and the public in 2010.

19. Attached hereto as Exhibit 11 is a true and correct copy of a document retrieved from internet archives that reflects the relevant page of Guaranteed Returns' website that was available to customers and the public in 2011.

20. On April 5, 2011, the government executed search warrants at Guaranteed Returns' offices and warehouses in Holbrook, New York, and Ronkonkoma, New York. Thereafter I learned that among the items taken by the government were numerous cartons containing completed RA forms that had been used by customers returning products to

Guaranteed Returns.

21.  During the years leading up to the execution of the search warrant at Devos on April 5, 2011, the return of indated product by customers was a small portion of Guaranteed Returns' business. By way of comparison to the total number of transactions each year based on review of computer-generated indate averages for the years 2011-2014, the return of indates constituted less than 10% of business, and the value of indated product returned constituted less than 10% of the overall estimated return value of product handled by Guaranteed Returns, during this period. Based on my extensive familiarity with this aspect of the Company's business, I estimate that the percentage of business attributable to indated product was not materially different during, at least, the period 2007-2010.

22.  I declare under penalty of perjury that the foregoing is true and correct.

Dated: Holbrook, New York
October 12th, 2015

_____
Toni Ann Meadows