# Morvillo Abramowitz Grand Iason & Anello P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
BRIAN A. JACOBS
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION
(212) 880-9500
eabramowitz@maglaw.com

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
DANIEL F. WACHTELL

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

July 12, 2018

**By Facsimile and ECF**

The Honorable Petrese B. Tucker
United States District Judge
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

      Re:    *United States v. Devos Ltd. et al.*, 14-cr-574 (PBT)

Dear Judge Tucker:

      As Your Honor may recall, on May 24, 2018, we submitted a letter memorandum to the Court regarding a recent Second Circuit decision in *United States v. Litvak*, 889 F.3d 56 (2d Cir. 2018) (the "May 24 Letter"), in which the court of appeals reversed a conviction because lay "point of view" testimony – similar to that which was admitted during the trial in above-referenced matter (the "*Devos* trial") – was improperly admitted. On behalf of all Defendants, we now write to notify the Court of a recent district court decision that shows the impact of the *Litvak* opinion – namely, *United States v. Shapiro*, No. 3:15-CR-155 (RNC), 2018 WL 2694440 (D. Conn. June 5, 2018).

      In *Shapiro*, Judge Chatigny of the United States District Court for the District of Connecticut vacated a criminal conviction because he had permitted a lay witness for the prosecution to testify to the witness's subjective understanding of the defendant's legal obligations – a ruling that *Litvak* revealed to be error. *Shapiro*, 2018 WL 2694440, at *4. The decision illustrates that the analysis explained in *Litvak* requires a new trial (at minimum), as Defendants urge.[1]

---

[1] As with our May 24, 2018 letter, because this submission addresses new authority that supports the arguments advanced in a previously submitted memorandum of law, our arguments are set forth herein as a letter memorandum. However, if the Court prefers that we convert this letter into a formal supplemental memorandum of law, we will do so promptly.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

The Honorable Petrese B. Tucker
July 12, 2018
Page 2

As we discussed in our letter of May 24, 2018, the Second Circuit in *Litvak* vacated the defendant's conviction because a lay witness had improperly been permitted to testify as to his subjective opinion regarding the nature of the defendant's legal obligations. The circuit held that the witness's views were both irrelevant and prejudicial. May 24 Letter at 1-3.

As in *Litvak*, a key issue in *Shapiro* was whether the defendant was a fiduciary of the witness, or was merely an arms-length negotiator. Although the witness at issue did not expressly testify that the defendant owed him a duty of honesty, his testimony "implied" and "suggested" the existence of such a duty when, in fact, no duty of honesty existed under the circumstances. *Shapiro*, 2018 WL 2694440, at *5. Because "there [was] a distinct risk that the jury was influenced by [the incorrect] testimony," Judge Chatigny determined that the conviction could not stand. *Id.* at *7.

The same analysis applies here. In the *Devos* trial, the testimony in which sales representatives and customers offered their lay opinions about the contractual obligations that Devos owed to its customers struck at the very heart of the defense; improperly bolstered the government's claim that the Defendants had not acted in good faith; and was fundamentally incorrect – as the expert testimony of an esteemed law professor from the University of Pennsylvania would have demonstrated. May 24 Letter at 3-4. Moreover, the government not only invited the error by persuading the Court to exclude the defense's expert testimony regarding contract law, but then compounded the prejudice by persuading the Court not to provide the jury with any instructions on contract law at all. *See* May 24 Letter at n.2. Thus left without expert testimony or legal instructions from the Court, the jury in the *Devos* trial could not help but have been "influenced by testimony" that was improperly admitted. Indeed, under the circumstances, the jury was left with no choice but to erroneously conclude that Defendants owed a contractual duty to customers with respect to indates – a conclusion that undoubtedly impacted the jury's determination of both materiality and intent. *See Shapiro*, 2018 WL 2694440, at *7.

Because the evidence was insufficient to convict the Defendants either with or without the improperly admitted testimony, we adhere to our earlier request that the Court grant a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). In the alternative, and for the foregoing reasons, the Defendants respectfully submit that the Court should apply the *Litvak* analysis as Judge Chatigny did in *Shapiro* and order a new trial pursuant to Federal Rule of Criminal Procedure 33.

Respectfully submitted,

*Elkan Abramowitz /MLG*

Elkan Abramowitz

cc: Assistant U.S. Attorneys Patrick Murray and Nancy Rue (by ECF)
All Defense Counsel (by ECF)