IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | |
| DEVOS LTD. d/b/a Guaranteed Returns, et al. | : | NO. 14-574-1 (PBT) |

# REPLY MEMORANDUM OF LAW OF DEFENDANT DEVOS LTD. IN FURTHER SUPPORT OF ITS MOTION TO QUASH POST TRIAL RULE 17 SUBPOENA ISSUED IN CONNECTION WITH SENTENCING

**INTRODUCTION**

Defendant Devos Ltd. d/b/a Guaranteed Returns ("Devos" or the "Company") submits this reply memorandum in support of its motion to quash the government's post trial Rule 17 Subpoena and in response to the government's brief, dated May 17, 2019 ("Gov't Opp. Br."). Devos' motion should be granted because (1) Rule 17 subpoenas are not properly employed for sentencing in the Third Circuit; and (2) the government fails to demonstrate that its broad Subpoena, spanning nearly twenty years, is relevant and necessary to sentencing.

**I. The Government Fails To Distinguish *United States v. Chew* To Justify Use Of A Rule 17 Subpoena For Sentencing**

The government argues that "[n]othing in the rule limits [Rule 17] subpoenas to use for trial alone" (Gov't Opp. Br. 4). But precisely such a limitation was recognized by the Third Circuit not only in *United States v. Chew,* 284 F.3d 468 (3d Cir. 2002), but also in *United States v. Cuthbertson,* 630 F.2d 139, 144 (3d Cir. 1980)—both stating that Rule 17 subpoenas are not properly employed post-trial.

The government attempts to distinguish *United States v. Chew* because it involved a § 2255 proceeding, not a sentencing. Yet the very language of the Court's decision dooms the government's argument: "To the extent that Chew's motion was pursuant to Rule 17, it was untimely because it was brought well past the conclusion of trial. Rule 17 serves the economical purpose of expediting trials by governing the issuance of pre-trial subpoenas." 284 F.3d at 470. The court went on to plainly state that "*Rule 17 has no application in post-conviction proceedings.*" *Id.* (emphasis supplied). This clear language leaves no room to suggest that a different rule applies to sentencing proceedings.

Contrary to the government's argument (Gov't Opp. Br. at 5), *United States v. Brown,* 1:02-CR-00146-2, 2008 WL 510126 (M.D. Pa. Feb. 22, 2008) did not limit its analysis to Rule 16, but

rather, concluded: "There appears to be *no provision in the Federal Rules of Criminal Procedure for discovery after trial.*"  2008 WL 510126, *1, n.1 (emphasis supplied). The government's reliance on *United States v. Carter*, 07-295, 2007 WL 3196625 (E.D. Pa. Oct. 30, 2007) (Gov't Opp. Br., 5-6) is also misplaced. There, the district court stated:

> Defendant served the subpoena on the victim, ISM, in order to obtain documents in advance of his sentencing. The Defendant's use of a Rule 17(c) subpoena at this stage of proceeding is unusual. "[R]ule 17(c) is designed as an aid for obtaining relevant evidentiary material that the moving party *may use at trial.*" *United States v. Cuthbertson,* 630 F.2d 139, 144 (3d Cir.1980) (emphasis added).

2007 WL 3196625 at *4. The court noted the sentencing scheme's regard for defendant's due process rights (at *3)—a factor that can only be raised by a defendant's subpoena, and is thus not at issue here—and then, without reference to *Chew* or any other Third Circuit authority, cited *United States v. Winner,* 641 F.2d 825, 833 (10th Cir. 1981) as authorizing the post-trial use of a Rule 17 subpoena. A sole district court cannot be read as overruling *Chew,* particularly where that decision does not refer to *Chew,* let alone attempt to distinguish, limit, or explain it. The remaining citations in the government's brief (*see* pp. 4-5) merely confirm that some courts <u>outside</u> the Third Circuit allow Rule 17 subpoenas post-trial. Because the Third Circuit has addressed the question directly and unambiguously, the view of other Circuit courts is irrelevant.

## II. The Government Fails To Meet Its Burden To Justify The Discovery Sought.

Even if a Rule 17 subpoena was proper here—and it is not—the government must demonstrate that the information it seeks is: (1) evidentiary and relevant; (2) not otherwise procurable in advance through the exercise of due diligence; (3) necessary for the post-trial purpose, and (4) sought in good faith and not as a fishing expedition. The government posits two basic arguments to show that its extensive demands, going back nearly twenty years, are purportedly narrow and necessary, and not a prohibited "fishing expedition." We address each in

turn, after first responding to the government's apparent challenge to the legitimacy and good faith of the Company's motion.

> i. *The government violates a fundamental principle of prosecutorial conduct by suggesting the Company should be punished for asserting its rights*

The government initially argues that Devos' objection to the Subpoena "may be the clearest indication that nothing has changed at Guaranteed Returns." Gov't Opp. Br. at 7, fn. 4. The argument is flatly improper. As the Court of Appeals for the Third Circuit noted in *United States v. Paramo*, 998 F.2d 1212, 1219 (3d Cir. 1993):

> The Supreme Court has held that "while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982). It is well settled that to "punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978), *quoted in Goodwin,* 457 U.S. at 372, 102 S.Ct. at 2488.

The government violates this principal in suggesting that inferences should be drawn against Devos based on its invocation of its rights, and this aspect of their brief should be ignored.

> ii. *The subpoena seeks documents that are not relevant to sentencing, but instead relate to a baseless attack on the Company's monitor and new management*

The government already has information, provided in the PSRs, regarding compensation paid to Dean Volkes and Donna Fallon during their leaves of absence. It argues that additional information about payment of expenses to them, and employment or expenses of their relatives, is appropriate because the known payments suggest that the Company remains an "alter ego" of Dean Volkes. Govt. Opp. Br. at 8.

The disclosed compensation was negotiated, after indictment and before new management took control of the Company, in connection with the agreement of Volkes and Fallon to take indefinite leaves of absence. This compensation was later reduced, as the government concedes,

3

by new management. Neither the Company's compliance with contractual obligations that were negotiated and approved by new management, nor the payment—as approved by new management—of appropriate expenses and compensation to Volkes, Fallon, and certain family members is evidence of the Company acting as an "alter ego" of Dean Volkes. Accordingly, these topics are irrelevant to the question of sentencing.

As noted at p. 5 of the Company's moving brief ("Mov. Br."), "the government is well aware that Mr. [Dean] Volkes' interest in the Company is held in a blind trust, that the Company has a third party independent monitor, and that the Company has operated for over four years under the management of Mr. [Paul] Nick." The complete overhaul of the Company's management and operation is confirmed in the Presentence Report ("PSR"). As set forth there, *see, e.g.,* PSR ¶¶ 67, 73-74, Paul Nick became CEO when Dean Volkes resigned, effective December 3, 2014; the Company has an outside general counsel and compliance officer, Ira Halperin, and voluntarily engaged Roscoe C. Howard, Jr., formerly United States Attorney for the District of Columbia, as independent monitor. The trustee holding the shares of the Company is a former high-ranking member of the Kings County District Attorney's Office. The Company has undertaken numerous reform initiatives, as laid out in the PSR.

The government does not dispute, but rather ignores, the Company's overhaul of its entire operation to ensure that the conduct underlying this prosecution has been completely eliminated. In order to support its "alter ego" theory, it blindly suggests that Mr. Howard—a respected former United States Attorney for the District of Columbia and a partner in the law firm of Barnes & Thornburg—is not independent. *See, e.g.,* Gov't Opp. Br. at 7 (putting "independent monitor" in quotes, and stating that the company "claims to be spending" money on monitors and outside counsel). It provides no basis for these scurrilous attacks.

The suggestion that the Company's payment of legal fees for Dean Volkes and Donna Fallon supports the "alter ego" theory is also unwarranted. Companies have the right, and often an obligation, to cover legal fees for current or former directors and officers; the suggestion that merely paying such fees makes the company an officer's alter ego is absurd. Further, the United States Department of Justice Manual recognizes that this is not evidence of misconduct. *See, e.g.,* Section 9-28.730 ("In evaluating cooperation, however, prosecutors should not take into account whether a corporation is advancing or reimbursing attorneys' fees or providing counsel to employees, officers, or directors under investigation or indictment.")

> iii. *The government's attack upon the Company for asserting its rights under non-compete agreements is unjustified, and does not support discovery*

Perhaps the most invidious of the government's demands is its effort to procure information about the Company's enforcement of non-compete agreements against former employees who left Devos for competing businesses. The government argues that these actions were motivated solely by a desire to retaliate against witnesses who testified at trial. Govt. Opp. Br. at 8 & fn. 5.

The government seeks to ascribe misconduct to Devos for what, under any objective review, is a reasonable and standard business practice. It cannot even allege that the Company has sought to enforce its non-compete agreement only, or even principally, against former employees who testified in this matter. The suggestion that enforcing the non-compete somehow reflects that the Company is a bad actor, and that the amount it spent on such litigation is therefore relevant to sentencing, must fail. Moreover, this very issue was raised and abandoned by the government in advance of trial. When the government sought to stay the Company's civil case against a cooperating witness, Devos provided detailed information about the case and the matter was dropped. Mov. Br. at 6 fn. 2 & Exhibit B. Had the government believed that it could demonstrate that the Company was engaged in inappropriate conduct, it would have pursued the matter.

5

# **CONCLUSION**

For the forgoing reasons, Defendant Devos Ltd. respectfully moves this Court for an order quashing the post-trial subpoena.

Dated: New York, New York
May 30, 2019

Respectfully Submitted,

**SCHLAM STONE & DOLAN LLP**

**By**: /s/Douglas E. Grover
Douglas E. Grover

26 Broadway
New York, New York 10004
Tel. 212.344.5400
Fax 212.344.7677
dgrover@schlamstone.com
tkissane@schlamstone.com

**LAW OFFICES OF ANN C. FLANNERY, LLC**

**By:** /s/ Ann C. Flannery
Ann C. Flannery

1835 Market Street, Suite 2700
Philadelphia, Pennsylvania 19103
Tel. 215.636.9002
Fax 215.636.9899
acf@annflannerylaw.com

*Attorneys for Defendant Devos Ltd.*
*d/b/a Guaranteed Returns*